NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5053

TEKNOWLEDGE CORPORATION,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Benedict O'Mahoney, Teknowledge Corporation, of Palo Alto, California, for plaintiff-appellant.

David M. Hibey, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Thomas C. Wheeler

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5053

TEKNOWLEDGE CORPORATION

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in Case No. 06-CV-310, Judge Thomas C. Wheeler.

_____

DECIDED:  November 3, 2009

_____

Before MAYER, LOURIE, and RADER, Circuit Judges.

LOURIE, Circuit Judge.

Teknowledge Corporation ("Teknowledge") appeals from the decision of the United States Court of Federal Claims ("Claims Court") granting summary judgment in favor of the United States in Teknowledge's suit for disallowed software amortization costs that Teknowledge sought to allocate to its government overhead pool. Teknowledge v. United States, 85 Fed. Cl. 235 (2009).  Because we agree that Teknowledge's software costs are not allocable to the government, and therefore not allowable, we affirm.

BACKGROUND

Teknowledge is an internet transaction company that provides service solutions to allow processing of secure transactions over the Internet. In 1999, Teknowledge began developing the TekPortal software, a customer information aggregation tool for the finance service industry. The software was developed for use by both commercial and governmental customers. However, the government has never purchased the TekPortal software. The development of the software was done by a unit of Teknowledge's commercial segment.

In 2001, Teknowledge amortized costs related to the development of the TekPortal software in the amount of $885,430. Teknowledge allocated 31 percent of those costs, $273,776, to government contracts it had on other projects by charging that amount of money to its overhead pool of indirect costs. On July 25, 2005, the Defense Contract Management Agency ("DCMA") issued a notice of intent to disallow the amortized software costs claimed by Teknowledge for the development of TekPortal. On January 19, 2006, the DCMA issued a final decision disallowing the costs. On April 24, 2006, Teknowledge filed a complaint in the Claims Court seeking disallowed amortized software costs in the amount of $285,656. Both parties then filed cross-motions for summary judgment. On January 7, 2009, the Claims Court granted the government's summary judgment motion and denied Teknowledge's motion. The Claims Court found that no genuine issue of material fact existed as to whether Teknowledge's development costs for the TekPortal product were allocable to the government. The court concluded that the developmental costs were not allocable under subpart 31.201-4 of the Federal Acquisition Regulation ("FAR"). The court found

the costs were not incurred specifically for a contract and they did not benefit a contract or other government work to which the costs could be distributed in reasonable proportion to the benefit received. The court also found that the TekPortal development costs were not necessary to the overall operation of Teknowledge's business. Therefore, the court concluded that these costs could not be allowable under FAR § 31.201-2.

Teknowledge timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review a grant of summary judgment by the Claims Court <u>de</u> <u>novo</u>. <u>Cienega</u> <u>Gardens v. United States</u>, 194 F.3d 1231, 1238 (Fed. Cir. 1998). Summary judgment is properly granted when, viewing the evidence in the light most favorable to the non-movant, the record indicates that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

Under the FAR, a contractor is allowed to charge to a government contract only "those allocable costs which are allowable pursuant to Part 31 [of the FAR] and applicable agency supplements." 48 C.F.R. 31.201-1 (b). That part of the FAR provides that:

> A cost is allocable if it is assignable or chargeable to one or more cost objectives on the basis of relative benefits received or other equitable relationship. Subject to the foregoing, a cost is allocable to a Government contract if it:
> (a) Is incurred specifically for the contract;
> (b) Benefits both the contract and other work, and can be distributed to them in reasonable proportion to the benefits received; or

> (c) Is necessary to the overall operation of the business, although a direct relationship to any particular cost objective cannot be shown.

48 C.F.R. 31.201-4. Under another provision of the FAR, a cost is allowable only if it is: (1) reasonable; (2) allocable; (3) complies with the Cost Accounting Standards ("CAS") or generally-accepted accounting principles and practices; (4) complies with the terms of the contract; and (5) complies with any limitation in FAR subpart 31.2. 48 C.F.R. 31.201-2.

Teknowledge challenges the criteria used by the Claims Court to evaluate allocability of Teknowledge's developmental costs under FAR § 31.201-4. Teknowledge argues that the Claims Court erred in requiring Teknowledge to demonstrate a certain benefit to the government from the development of the TekPortal software. Teknowledge contends that allocability of the developmental costs may be determined simply by the potential future benefits to be conferred upon the government by the software. Teknowledge concedes that in 2001, the government had not purchased the TekPortal software and there was no nexus between the software and an existing government contract. Therefore, it argues, the Claims Court improperly looked for such a nexus and concluded that any benefit to the government from the software would be too remote and insubstantial to deem the costs allocable. Teknowledge argues that under this Court's precedent, FAR § 31.201-4 is an allowability provision that reflects the allocability provision of the Cost Accounting Standards. Because the developmental costs of the TekPortal software are "indirect" rather than "direct" costs, Teknowledge argues, they are allocable under the CAS provisions and are not subject to disallowance under the provisions of FAR § 31.201-4. Alternatively, Teknowledge argues that it has

proven allocability under the requirements of FAR §§ 31.201-4 (b), (c). It argues that the costs indirectly benefit the government and are necessary to Teknowledge's overall business. Under FAR § 31.201-4(b), Teknowledge argues it has satisfied the allocation requirement by its distribution of the developmental costs to various government contracts based upon potential future sales. According to Teknowledge, the fact that such sales never came to fruition is not relevant to the allocation. Similarly, Teknowledge argues that potential benefits to the government from the TekPortal software are sufficient to satisfy FAR § 31.201-4(c). The potential benefits that Teknowledge points to include its ability to execute its business plan and remain viable by performing government contracts and developing software.

The government responds that this case presents a straightforward application of FAR § 31.201-4. It argues that the amortized TekPortal development costs do not meet any of the allocability requirements listed in the FAR. The government further argues that these costs did not benefit a contract or any other governmental work, directly or indirectly, and are not necessary to the overall operation of Teknowledge. The government asserts that none of the material facts are in dispute and therefore the Claims Court properly granted judgment as a matter of law. To the extent that Teknowledge suggests that the FAR does not apply to the evaluation of its software development costs, the government contends that Teknowledge has failed to show any relationship under any standard between the costs and any government cost objectives.

We agree with the government that the Claims Court correctly held that the developmental costs of the TekPortal software are not allowable as a matter of law. We are not persuaded by Teknowledge's argument that, following our decision in Boeing, it

does not need to demonstrate any benefit arising from the developmental costs to any government contract. See Boeing N. Am., Inc. v. Roche, 298 F.3d 1274 (Fed. Cir. 2002). In Boeing, we faced the question of which standard should apply for determining the allocability of the settlement costs of a shareholder derivative suit. Id. at 1281-84. In reaching the question whether such legal expenses are allocable, we noted "that CAS does not require that a cost directly benefit the government's interests for the cost to be allocable." Id. at 1284. Instead, the court emphasized that "benefit," as required by the FAR provisions, was a concept necessitating a contractor to show a nexus between the contractor's cost and the contractor's government work in order to allocate the cost to a government contract. Id. We agree with the Claims Court that Teknowledge has failed to demonstrate a nexus between its software development costs and any government work that it has contracted to do.

Regardless of the fact that the government never contracted with Teknowledge to develop or use the TekPortal software, Teknowledge argues that these costs should be allocable to its government contracts because of potential benefits that the software provides. We find Teknowledge's argument unpersuasive. As we have held previously, where benefits to the government contract are remote and insubstantial, the requirement of a "benefit" is not met. FMC Corp. v. United States, 853 F.2d 882, 886 (Fed. Cir. 1988). Given that Teknowledge's costs resulted from work done in anticipation of acquiring government purchase orders and contracts, the Claims Court properly found that any benefit from the development of the TekPortal software to any government work would be remote and insubstantial. Cf. KMS Fusion, Inc. v. United States, 24 Cl. Ct. 582, 591-92 (Cl. Ct. 1991.) (holding that the cost of paying

government affairs consultants was allocable to a government contract where there were specific direct benefits to an existing contract).

We also reject Teknowledge's argument that a sufficient nexus exists between the costs and its government work because its software development costs are indirect, not pertaining to a specific contract, but are allocable under various CAS provisions to the different contracts that it has with the government. As the government points out, there are no underlying government contracts that are in any way related to the TekPortal software that would allow Teknowledge to properly allocate these indirect costs under any accounting standard. Moreover, the Claims Court found that Teknowledge has proffered no evidence to show how TekPortal keeps Teknowledge afloat or will bring in new business in the future. The Claims Court therefore did not err in concluding that Teknowledge had failed to show any nexus between the TekPortal development costs and any government contract. Our decision in <u>Boeing</u> does not mandate a different result.

We have considered Teknowledge's remaining arguments and find them unpersuasive. For the foregoing reasons, the Claims Court properly granted summary judgment on the government's motion. Accordingly, we <u>affirm</u>.

2009-5053